ARKANSAS LIGHT & POWER COMPANY *v.* STATE EX REL. ATTORNEY GENERAL.

Opinion delivered November 21, 1927.

1. LICENSES—LIMITATION TO RECOVERY OF FRANCHISE TAX.—Crawford & Moses' Dig., § 10213, requiring an appeal from a decree in a suit thereunder within 30 days, is part of an act for the collection of back property taxes from corporations, and does not apply in a suit to recover a franchise tax.

2. LICENSES—PERIOD COVERED BY FRANCHISE TAX.—Under Crawford & Moses' Dig., §§ 9818, 9821, a corporation paying a franchise

tax is authorized to do business in the State during the year beginning with the date of the certificate issued to it or the date mentioned therein.

3. LICENSES—EFFECT OF SURRENDER OF CORPORATE CHARTER.—Where a corporation filed its report in May, and paid its franchise tax on August 15, 1918, it did not owe such tax at the time of surrendering its charter and ceasing to do business in June, 1919, so that the purchaser of its property was not liable therefor.

4. LICENSES—ACT IMPOSING FRANCHISE TAX—PROSPECTIVE OPERATION.—Statutes imposing franchise taxes on corporations operate only in the future, unless the Legislature manifests an intention that they shall operate in the past.

Appeal from Jefferson Chancery Court; *H. R. Lucas,* Chancellor; reversed.

*Raymond Roddy, W. H. Holmes, Harry E. Meek* and *Robinson, House & Moses,* for appellant.

*H. W. Applegate,* Attorney General, *Rowell & Alexander* and *Sam M. Wassell,* for appellee.

MEHAFFY, J.   This suit was brought to collect from the Arkansas Power & Light Company a franchise tax. It is alleged that, during the year 1917, the Arkansas Public Service Company was organized and owned and operated utility properties in the territory of Stuttgart, Arkansas.   On June, 1917, it filed the annual franchise tax return, and on the 8th day of August, 1917, paid its annual franchise tax in the sum of $1,200, at which time the said company was issued a certificate stating that it had paid the franchise tax for the year 1917, and it was authorized to do business in the State for a period of five years from August 8, 1917, upon condition that it pay annually the franchise tax prescribed for such corporation.   In May, 1918, the corporation filed its franchise tax return, and on August 15, 1918, paid its franchise tax of $1,200.   On the 26th day of June, 1919, the Arkansas Public Service Company, after having sold all of its property to the appellant, surrendered its charter and ceased to transact business.   This suit is for the purpose of collecting a tax that it is alleged the Arkansas Public Service Company owed, on the theory that the tax was a lien on the property purchased by the Arkansas Power &

Light Company, and that the Arkansas Power & Light Company purchased all of the property of the Arkansas Public Service Company.

Appellee's first contention is that the appeal should be dismissed because it alleges that, under § 10213 of Crawford & Moses' Digest, the appeal should have been taken within 30 days, and, since it was not taken within that time, it should be dismissed.

Section 10213 of Crawford & Moses' Digest reads as follows:

"Suits brought under this act shall have precedence of all other suits in the courts in which they may be pending, and shall be disposed of without unnecessary delay, and no appeal from any decree rendered in any suit brought under this act shall be taken after thirty days from the date of such decree."

That section is a part of the act passed by the Legislature for collecting back taxes from corporations, and is a property tax, and has no application in suits brought to recover franchise tax. The appeal was taken within the time allowed by law.

The important question, however, in this case is whether the Arkansas Public Service Company owed a franchise tax at the time it surrendered its charter. As to whether it owed a tax at the time depends upon the construction of the law providing for taxing corporations, or what is called the State privilege taxes of corporations.

Section 9799 of Crawford & Moses' Digest is as follows:

"Each corporation organized and doing business under the laws of this State, for profit, shall make a report in writing to the Arkansas Tax Commission, annually, on or before June 1, on such forms as the Commission may prescribe. The report shall be signed and sworn to before an officer authorized to administer oaths by the president, vice president, secretary or general manager of the corporation."

The statute then provides the form of the report and what it shall contain.

Section 9801 of Crawford & Moses' Digest provides that, after the report is made, the Commission shall, on or before July 1, report to the Auditor of State, who shall charge and certify to the Treasurer of State for collection, as herein provided for, from such corporation, a tax of one-tenth of one per cent. upon that part of its subscribed and issued and outstanding capital stock employed in this State, except as hereinafter provided.

It will be observed that the Commission must report to the Auditor on or before July 1, and that thereafter the Auditor shall charge and certify the tax for collection to the Treasurer.

Section 9810 of Crawford & Moses' Digest, among other things, provides that the taxes shall be due and payable on or before August 10 of each year. And it is provided in § 9812 that the taxes and penalties shall be a first lien on the property of the corporation.

Section 9818 provides as follows:

"When any corporation shall have paid the franchise tax prescribed by this act, the State Tax Commission shall issue to it a certificate authorizing it to do business in this State for the term of five years from the date thereof, upon condition that it pay annually the franchise tax prescribed by law, and such certificate shall be evidence in all the courts of this State of the right of such corporation to do business in this State during the term of such certificate."

Any corporation doing business in Arkansas at the time this act was passed, March 23, 1911, was required to make the report and to pay the tax as above provided. And when a corporation paid the tax, it received the certificate authorizing it to do business in Arkansas for a period of five years after the date of the certificate, which was in August.

Section 9821 provides that "all foreign and domestic corporations qualifying under the laws of this State or organizing under the laws of this State, as the case may be, prior to August 1 of each year, shall be liable for the franchise tax by this act prescribed for the year in

which said corporation qualified or organized, and each such corporation so qualifying or organizing between May 1 and August 1 shall make and file with the Tax Commission the proper form at the same time it qualifies or organizes.''

Under the provisions of the sections above quoted the corporation paying the tax was authorized to do business during that year, and that year meant the year beginning with the date of the certificate or the date mentioned in the certificate.

The Arkansas Public Service Company was organized in 1917, and its tax became due and payable on or before August 10, 1917, and the payment of that tax authorized such corporation to do business in Arkansas until August 10, 1918.

In May, 1918, the Arkansas Public Service Company filed its report, and on August 15, 1918, paid its franchise tax of $1,200. The certificate that it held entitled the company to transact business until the franchise tax became due in 1919, but in June, 1919, the Arkansas Public Service Company was dissolved and ceased to do business, and this was before the time expired for which it had paid its tax. It therefore did not owe any franchise tax at the time it surrendered its charter and ceased to do business.

It has been generally held that a tax like the one for which this suit is brought is in the nature of a license fee, and payable in advance. And it is uniformly held that an act of this kind, providing for a tax, operates in the future only, unless the Legislature passing the act manifests an intention that it shall operate in the past. In passing the law in Arkansas with reference to franchise tax it appears plain that the intention of the Legislature was that the tax should be paid for the future. In fact, the act expressly states that, upon payment of the tax, the corporation shall be given a certificate authorizing it to do business in the State thereafter for a period of five years, on the condition that it pay the tax annually. We think it clear

that the Legislature intended that the tax should be for the privilege of doing business in the State after the payment of the tax.

It is said in Cooley on Taxation, vol. 2, § 154:

"In case of doubt, statutes will be construed as prospective only. This applies to tax statutes and ordinances precisely the same as to other statutes and ordinances. The courts, it is said, always construe statutes as prospective and not retrospective, unless constrained to the contrary course by the rigor of the phraseology. There is commonly a presumption that any new tax law was not intended to reach back and take for its standard of apportionment a state of things that may no longer be in existence. 'New burdens,' it is very justly said, 'ought always to be prospective.' And it is reasonable to suppose that the Legislature has intended that they should be. This rule applies also to constitutional provisions, and it obtains not only as a construction of the grant of power, but also as to all the incidents, though a remedial provision may well be presumed to have been intended to reach back for the purposes of justice."

In Arkansas many corporations were doing business lawfully when the act was passed, and they are still doing business lawfully until the time mentioned in the act for filing their reports. And if they complied with the act and paid the tax, they were permitted to thereafter do business in the State for one year from the date of the payment of the tax.

It was said by the New Jersey court:

"The year for which the annual tax was thereby for the first time imposed could not begin until the tax was imposed by the approval of the act in April, and the tax was made payable in June; that is, as soon as the necessary returns could be had and the calculations made. The Court of Errors and Appeals did not question this view in the case cited. It results that the year for which the tax is to be paid cannot be the calendar year beginning January 1. The act imposing this tax on corporations

like the prosecutor was passed February 19, 1901. If the annual license fee or franchise tax, as the act calls it, were imposed for a calendar year, that year could not have begun until January 1, 1902, unless the act were expressly made retroactive. * * * If we held that the license fee or franchise tax is for a calendar year, we should either have the absurdity that the first annual tax under the act became payable six months before the year for which it was levied had begun, or we should have the injustice of construing a tax to be retroactive when the Legislature had not made it so." *Old Dominion Copper Mining & Smelting Co.* v. *State Board of Taxes and Assessments,* 90 N. J. Law 364, 103 Atlantic 690.

We do not deem it necessary to call attention to numerous authorities, for the reason that the Legislature has made it perfectly plain that the authority to do business extends from the time of the certificate granted to the corporation until the date named for it to expire. We have reached the conclusion that, under the statutes providing for franchise tax, a corporation, after the payment of the tax, may lawfully do business within the State for one year thereafter, and that, since the Arkansas Public Service Company paid its taxes in August, 1918, it had the right to do business in Arkansas until August, 1919. It surrendered its charter and ceased to do business and sold all of its property before that time, and therefore did not owe any franchise tax.

Since we hold that the Arkansas Public Service Company did not owe any franchise tax at the time it ceased to do business, it becomes unnecessary to decide the other questions discussed by counsel. Of course, if the Arkansas Public Service Company did not owe any tax, then the Arkansas Power & Light Company did not owe any because of having purchased the property of the Arkansas Public Service Company. Having reached the conclusion that there was no tax due from the Arkansas Power & Light Company because of having purchased the property of the Arkansas Public Service Company, this case is reversed and dismissed.